# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

      -vs-                    **Case No. 12-C-454**
                              **(Criminal Case No. 10-Cr-261)**

**LEE PHAM,**

      Movant.

## DECISION AND ORDER

This Decision and Order addresses Pro se Movant Lee Pham's ("Pham") motion for relief pursuant to 28 U.S.C. § 2255. Pham, who is serving a 144-month sentence for one count of armed bank robbery, claims that he was denied effective assistance of counsel because counsel promised that he would receive a 57- to 71-month sentence (which would have been within the range of recommended sentences under the Sentencing Guidelines), and that the Court imposed an unreasonable sentence. Pham requests that the Court resentence him to the sentence recommended in the presentence report and within the suggested guideline range. (Mot. Vacate, 12.) (ECF No. 1.)

### Relevant Background

Pham was arrested pursuant to a criminal complaint charging him

with the December 4, 2009, armed bank robbery of the North Shore Bank in New Berlin, Wisconsin. (261 action,[1] ECF No. 4.) At the time of the robbery, Pham was on supervised release arising from his prior conviction for two armed bank robberies committed within this District, Case No. 02-Cr-198 (the "198 action"), and a petition for revocation of that supervised release was pending against him. (261 action, ECF No. 2.)

Attorney William Reddin ("Reddin") was appointed to represent Pham in the 261 action and the 198 action revocation proceedings. (261 action, ECF No. 9; 198 action, ECF No. 31.)

The parties filed a plea agreement in the 261 action. (261 action, ECF No. 12.) The first sentence of paragraph 13 states, "[t]he parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate guideline range under the sentencing guidelines." In paragraph 13 of the plea agreement, Pham "acknowledges and understands that the sentencing guidelines recommendations contained in [the plea] agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a

---

[1] The Court refers to the underlying criminal action as the 261 action. Citations to ECF (electronic court filing) numbers that are not accompanied by a case number are citing to the docket of the instant action.

reasonable sentence above or below the guideline range." (*Id.*)

Paragraph 21 states, "[b]oth parties reserve the right to make any recommendation regarding any and all factors pertinent to the sentencing process, including but not limited to the factors pertinent to the determination of the sentencing guideline range . . ." (*Id.*) This provision is reiterated in paragraph 22 which states, "[b]oth parties reserve the right to make any sentencing recommendation they deem appropriate, based upon the pertinent factors under 18 U.S.C. § 3553(a)." (*Id.*)

Paragraph 23 states:

> The parties acknowledge, understand, and agree that . . . the sentencing court . . . is [not] a party to or bound by this agreement. . . . The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above [25 years and $250,000]. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

(*Id.*)

Pursuant to the plea agreement, which he signed, Pham entered a guilty plea to the armed bank robbery. (261 action, ECF No. 14.) During the change of plea hearing the Court asked Pham whether any promises

other than those contained in the plea agreement had been made to induce him to enter into the plea agreement. (Plea Tr. 5.) (261 action, ECF No. 29.) Pham responded, "No, sir." (*Id.*)

Pham was sentenced to 144 months in prison. (261 action, ECF No. 17.) Pham was advised of his right to appeal. (*Id.*); (Sent. Tr. 25.) (261 action ECF No. 30.) The judgment was entered on May 9, 2011. (261 action, ECF No. 18.)

A notice of appeal was filed. (261 action, ECF No. 19.) Subsequently, Pham and the Government entered into a stipulation whereby Pham agreed to file "a motion to dismiss the appeal of his conviction and/or sentence" of [the 261 action] and "[i]n consideration of [Pham's] dismissal of the appeal, the government [agreed to] recommend that any sentence on the revocation of the supervised release in [the 198 action] run <u>concurrent</u> to the sentence imposed in [the 261 action].[2]" (261 action, ECF Nos. 25, 26.)

Pham filed his motion for § 2255 relief and a supporting memorandum on May 12, 2012. The government's response to the motion includes Reddin's affidavit. Reddin avers that he thoroughly reviewed

---

[2] Paragraph two of the stipulation contains typographical errors — it incorrectly cites Pham's 2002 criminal action as "Case No. 02-CR-98" and his 2010 criminal action as "Case No. 10-CR-61."

- 4 -

every line of the plea agreement with Pham. He met with Pham to review the plea agreement for two hours before Pham agreed to sign it. At no time did Reddin assure Pham that he would be sentenced within the guideline range. To the contrary, Reddin informed Pham that the government believed the sentencing guideline was too low and therefore only agreed to be free to recommend whatever sentence it deemed appropriate. (ECF No. 10-1.)

Pham subsequently filed an affidavit in which he avers that Reddin told him paragraph 13 of the plea agreement meant the government believed that 57 to 71 months in prison was the appropriate sentence, and paragraph 17 meant the government agreed there were no aggravating facts in his case.[3] (ECF No. 18.)

## Analysis

A federal prisoner may challenge his conviction or sentence by filing a motion with the court that sentenced him on the grounds that the

---

[3] Paragraph 13 of the plea agreement is quoted at page 2 of this Decision and Order. Paragraph 17 states:

> Pursuant to the Sentencing Guidelines Manual § 3B1.1 and § 3B.1.2 the parties agree to recommend that no adjustment be given for an aggravating or mitigating *role* in the offense, as the defendant was neither an organizer, leader, manager, or supervisor, nor a minimal or minor participant.

(Emphasis added.)

"sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief under § 2255 is an "extraordinary remedy" because the petitioner already has "had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). This relief is available only in limited circumstances, such as where an error of law is jurisdictional, of constitutional magnitude, or "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted).

**Ineffective Assistance of Counsel Claim—Plea Agreement**

To establish ineffective assistance of counsel a defendant must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). If a defendant is unable to make a sufficient showing of one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697.

*Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985), held that that the two-part *Strickland* test applies to the challenge of a guilty plea based on ineffective assistance of counsel. Under the first requirement of the

*Strickland* test, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *See id.* at 56 (citations omitted). In assessing counsel's performance, the Court's review is "highly deferential and reflects a strong presumption that counsel"'s conduct falls within the wide range of reasonable professional assistance." *Koons v. United States,* 639 F.3d 348, 351 (7th Cir. 2011).

"The second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. In the context of a guilty plea, *Strickland'*s prejudice prong addresses whether an attorney's deficient advice was "the decisive factor in a defendant's decision to plead guilty." *Julian v. Bartley,* 495 F.3d 487, 498 (7th Cir. 2007). A "mere allegation" that but for the advice the petitioner would not have pleaded guilty will not do; there must be a reasonable probability that he would have gone to trial. *United States v. Cieslowski,* 410 F.3d 353, 359 (7th Cir. 2005). A "reasonable probability" is a "better than negligible"

chance. *Gross v. Knight,* 560 F.3d 668, 671 (7th Cir. 2009).

To make that showing, the petitioner must do more than simply allege "that he would have insisted on going to trial"; he must also come forward with objective evidence that he would not have pled guilty. *Cieslowski,* 410 F.3d at 359. Objective evidence includes the nature of the misinformation provided by the attorney to the defendant and the history of plea negotiations. *See Julian,* 495 F.3d at 499.

A § 2255 petitioner must present evidence regarding counsel's act or omission alleged to be ineffective. In order for a hearing to be granted "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Galbraith v. United States,* 313 F.3d 1001, 1009 (7th Cir. 2002). This is an objective analysis that requires the Court to examine what a reasonable person would do. *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013). Courts may "deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Koons,* 639 F.3d at 355.

Nowhere in his papers does Pham state that but for the allegedly erroneous advice of counsel he would have proceeded to trial. Thus, he has failed as a matter of law to establish prejudice as is necessary to sustain a

claim of ineffective assistance of counsel. Consequently, Pham cannot prevail on his ineffective assistance claim. *Strickland,* 466 U.S. at 697.

However, the Court also notes that with respect to counsel's performance, Pham's current averment that counsel told him his sentence would be between 57 and 71 months is not consistent with the text of paragraph 13, or reflected anywhere in the plea agreement. In fact, it is contradicted by the previously quoted paragraphs of the plea agreement. Pham's averment regarding paragraph 17 does not include its limitation to his *role* in the offense. Thus, the objective evidence of the record from the plea agreement strongly refutes Pham's averments regarding counsel's performance. Based on the foregoing, Pham's ineffective assistance of counsel claim does not provide a basis for relief.

### Sentencing Issue

A habeas corpus petition is rarely, if ever, the proper vehicle by which to challenge the application of a Sentencing Guideline provision where the sentence has become final and the movant did not directly appeal the issue. *Buggs v. United States,* 153 F.3d 439, 443 (7th Cir. 1998). An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a

refusal to consider the issue would lead to a fundamental miscarriage of justice. *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996) (citing *Reed v. Farley,* 512 U.S. 339, 354 (1994)) (additional citations omitted).

Pham states he did not know that he had a right to appeal for an unreasonable sentence and ineffective assistance of counsel. (Pet. 6.) (ECF No. 1.) Pham's current assertions are contradicted by the record. Not only was Pham advised of his right to appeal, he filed a notice of appeal and withdrew that appeal by entering into a stipulation with the government under which he agreed to dismiss the appeal of his conviction and/or sentence of the 261 action. Based on the foregoing, the Court finds that Pham's claim of "good cause" for not appealing his sentence lacks adequate factual support. Thus, Pham is barred from raising his unreasonable sentencing claim by means of a § 2255 motion.

## Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2) the applicant must make "a substantial showing of the denial of a constitutional right" by establishing

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

No reasonable jurist could conclude that the Court's assessment was debatable or wrong regarding the lack of prejudice associated with Pham's ineffective counsel claim and/or his waiver of his sentencing claim. Consequently, the Court denies a certificate of appealability as to Pham's motion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pham's motion for relief pursuant to § 2255 is **DENIED**;

The Court declines to issue a certificate of appealability; and

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**